IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT FISHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1297-L |
| § | |
| AETNA LIFE INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Aetna Life Insurance Company's Motion for Partial Dismissal pursuant to Rule 12(b)(6) and Supporting Brief, filed August 2, 2005. Having considered the motion, brief, record and applicable law, the court **grants** Defendant Aetna Life Insurance Company's Motion for Partial Dismissal pursuant to Rule 12(b)(6).[*]

This lawsuit arises from the termination of benefits under a long-term disability plan established and maintained by Texas Instruments, Inc. pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). On June 24, 2005, Plaintiff Robert Fisher ("Plaintiff" or "Fisher") filed this lawsuit against Defendant Aetna Life Insurance Company ("Defendant" or "Aetna") asserting a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and also asserting a claim for breach of fiduciary duty for Defendant's alleged violations of 29 U.S.C. §§ 1133 and 1140.

On August 2, 2005, Defendant filed a motion for partial dismissal under Fed. R. Civ. P. 12(b)(6). As grounds for partial dismissal, Defendant argues that a plaintiff who has an avenue of

---

[*] Plaintiff did not file a response to Defendant Aetna Life Insurance Company's Motion for Partial Dismissal pursuant to Rule 12(b)(6).

**Memorandum Opinion and Order – Page 1**

redress under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover benefits thereunder may not also bring a private cause of action for breach of fiduciary duty. *See* Def. Mot. at 2. Having reviewed the motion and the applicable legal authority, the court determines that Defendant's motion should be granted. It is well-established that an "ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available." *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999)(citing *Vanity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996) and *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)). Here, in addition to seeking damages under § 1132(a)(1)(B), Plaintiff is seeking damages on his claim for breach of fiduciary duty. Accordingly, Plaintiff's claim for breach of fiduciary duty should be dismissed. *See Rohrer*, 181 F.3d at 639 ("because § 1132(a)(1)(B) affords [plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty"); *Tolson*, 141 F.3d at 610-11 (claims for breach of fiduciary duty precluded due to redress being available through claim for benefits).

Accordingly, the court **grants** Defendant Aetna Life Insurance Company's Motion for Partial Dismissal Pursuant to Rule 12(b)(6). Plaintiff's claim for breach of fiduciary duty is hereby **dismissed with prejudice**.

**It is so ordered** this 30th day of August, 2005.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 2**